■ In the Matter of PATRICK SURACE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [697 NYS2d 402] —Appeal from a judgment of the Supreme Court (Teresi, J.), entered January 13, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner, an inmate serving a prison term of 2 to 6 years in connection with his plea of guilty of the crime of sodomy in the first degree, challenges the determination which denied his application for parole release. Supreme Court dismissed the petition and we affirm.

Contrary to petitioner's assertion, there is no evidence that respondent misunderstood the crime for which petitioner was convicted. Rather, a review of the record reveals that respondent rationally concluded that petitioner failed to recognize the gravity of the instant crime committed against a six-year-old child. Although not required to discuss every statutory factor in reaching its determination (*see, Matter of Faison v Travis*, 260 AD2d 866), the record reveals that respondent considered appropriate statutory factors, including the instant offense, petitioner's participation in various prison programs and his plans upon release, in determining that it was reasonably probable that petitioner would violate the law if released and that his release would not be compatible with the welfare and safety of the community (*see*, Executive Law § 259-i). Accordingly, we find no reason to disturb respondent's determination, despite

petitioner's receipt of an earned eligibility certificate (*see, Matter of Nieves v New York State Div. of Parole*, 251 AD2d 836).

Yesawich Jr., J. P., Spain, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.