■ In the Matter of DONALD JONES, Appellant, v BRION TRAVIS, as Chair of the New York State Division of Parole, Respondent. [739 NYS2d 656] —Appeal from a judgment of the Supreme Court (Nolan, Jr., J.), entered July 17, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving an aggregate prison term of 8⅓ to 25 years following his conviction of the crimes of attempted murder in the second degree, assault in the first degree and burglary in the first degree arising out of the June 1988 beating of his estranged wife. At that time, petitioner entered his wife's residence in violation of a court order of protection and beat her with a lamp and a knife, rendering her comatose for one month and leaving her with permanent brain damage and partial paralysis. After the Board of Parole's most recent determination denying him parole release, petitioner commenced this CPLR article 78 review proceeding. Supreme Court dismissed the petition and we now affirm.

The record discloses that in denying petitioner's request for parole release, the Board considered the relevant factors required by Executive Law § 259-i, including his positive accomplishments in prison, before concluding that petitioner is not an acceptable candidate for release due to the serious and violent nature of his crime and his failure to articulate either

remorse or insight into the nature thereof (*see, Matter of Surace v New York State Div. of Parole*, 265 AD2d 769; *Matter of Morales v Travis*, 260 AD2d 710). In view of petitioner's failure to demonstrate that the Board's determination was affected by "a showing of irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77), we perceive no reason to disturb the determination under review (*see, Matter of Hernandez v McSherry*, 271 AD2d 777, 778, *lv denied* 95 NY2d 769; *Matter of Jerrell v Ibsen*, 253 AD2d 917). There is, in addition, no support for petitioner's contention that the Board automatically rejected his application in order to comply with what he asserts is the Governor's policy against releasing violent felons on parole. The remaining contentions raised herein have been examined and found to be without merit.

Cardona, P.J., Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.