■ In the Matter of JOSE N. TORRES, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [750 NYS2d 759] —Order and judgment (one paper), Supreme Court, New York County (Eileen Bransten, J.), entered April 8, 2002, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul respondent's determination, dated August 15, 2000, denying petitioner's parole application, unanimously affirmed, without costs.

The record demonstrates that respondent considered all of the factors relevant to the disposition of petitioner's application for parole, including petitioner's good behavior, ac-

complishments and work while in prison, the many letters of support on his behalf, his employability, his involvement in institutional programs and his plans upon release (*see Matter of King v New York State Div. of Parole*, 83 NY2d 788, 790-791; *People ex rel. Herbert v New York State Bd. of Parole*, 97 AD2d 128). Although these considerations weighed in petitioner's favor, we cannot say that respondent acted arbitrarily or capriciously when it denied his parole application on the ground that his positive postconviction activities, however commendable, remained overshadowed by the extraordinary severity of his crime (*see Matter of Garcia v New York State Div. of Parole*, 239 AD2d 235).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Buckley, Friedman, Marlow and Gonzalez, JJ.