■ In the Matter of HARVEY MARCELIN, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [764 NYS2d 361] —Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered November 26, 2002 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 6 to 12 years stemming from his conviction of manslaughter in the first degree for stabbing a woman to death. That crime was committed during his first year of parole supervision for the crime of murder in the first degree wherein he had shot a woman to death. In August 2001, petitioner's application for parole release was denied. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

A review of the record establishes that the Board of Parole considered petitioner's entire record, including his earned eligibility certificates, prison disciplinary record, the heinous nature of the instant offense committed less than a year after being released on parole for an equally brutal murder and petitioner's lack of remorse for his crimes. Although the Board

emphasized the brutal nature of the crimes, it is not required to give equal weight to or discuss every factor considered (*see Matter of Killeen v Travis*, 291 AD2d 600 [2002]). Inasmuch as the Board considered all relevant statutory factors (*see* Executive Law § 259-i) in concluding that petitioner was not an acceptable candidate for parole release, further judicial review of the determination is precluded (*see Matter of Jones v Travis*, 293 AD2d 800 [2002]; *Matter of Hernandez v McSherry*, 271 AD2d 777 [2000], *lv denied* 95 NY2d 769 [2000]). Even if petitioner's remaining contentions, raised for the first time on appeal, were properly before us for review (*see Matter of Killeen v Travis, supra*), we would find them to be without merit.

Cardona, P.J., Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.