■ In the Matter of WAN ZHANG, Respondent, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, et al., Appellants. [782 NYS2d 156]—

Rose, J. Appeal from a judgment of the Supreme Court (Sise, J.), entered November 25, 2003 in Washington County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Board of Parole denying petitioner's request for parole release.

As a result of petitioner's involvement in the violent robbery of a restaurant owner during which a gun was held to the head of the owner's infant child, petitioner was convicted of multiple counts of robbery, burglary and grand larceny and sentenced to an aggregate term of 7 to 21 years in prison. Following the denial of two of his parole release applications, he reappeared before respondent Board of Parole in June 2002. His application for release was again denied and he was ordered to reappear before the Board in June 2004. This determination was affirmed on administrative appeal and petitioner commenced the instant CPLR article 78 proceeding challenging it. Following service of respondents' answer, Supreme Court granted the petition, finding that the determination was not sufficiently detailed to permit intelligent judicial review. Respondents now appeal.

Initially, we note that the factors the Board must consider in making discretionary parole release determinations are set forth in Executive Law § 259-i (2) (c). In making such determinations, however, the Board is not required to give equal weight to each statutory factor (*see Matter of Geames v Travis*, 284 AD2d 843 [2001], *appeal dismissed* 97 NY2d 639 [2001]; *Matter of Patterson v New York State Bd. of Parole*, 202 AD2d 940, 940 [1994]) nor is it required to specifically articulate every factor considered (*see Matter of Angel v Travis*, 1 AD3d 859, 860 [2003]; *Matter of Rentz v Herbert*, 206 AD2d 944, 945 [1994], *lv denied* 84 NY2d 810 [1994]). In the instant case, the parole review interview, confidential inmate status report and parole hearing transcript reveal that the Board, in making its determination, considered petitioner's institutional record, including his disciplinary record and program accomplishments, his potential deportation and postrelease living arrangements, as well as the violent circumstances of crimes of which he was convicted. Notwithstanding the Board's failure to specifically mention each of these factors in its determination, the record is, in our view, sufficiently detailed to permit intelligent judicial review of the grounds for the Board's denial of parole release. Inasmuch as the Board considered the appropriate factors and there was no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), the Board's determination should not have been annulled.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.