■ In the Matter of DALE K. LITTLE, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [788 NYS2d 628]—

Appeal from a judgment of the Supreme Court (Benza, J.), entered November 21, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 8⅓ to 25 years following his 1987 conviction of manslaughter in the first degree for shooting a man during an argument over money. Petitioner commenced this CPLR article 78 proceeding challenging a November 2002 determination denying his request for parole release.* Supreme Court dismissed the petition and this appeal ensued.

We are unpersuaded by petitioner's contention that the determination was based upon an informal policy to deny parole to all violent felons rather than on the relevant statutory factors.

---

* Although petitioner reappeared before the Board of Parole on October 16, 2004, he requested and was granted a postponement of his parole interview.

The decision of the Board of Parole and the parole release interview demonstrate that the Board considered petitioner's positive achievements while incarcerated, his lack of disciplinary infractions since his last Board appearance, as well as his plans if released. A review of the record establishes that the Board's decision was based upon all relevant statutory factors (*see* Executive Law § 259-i) and contained sufficient detail to inform him of the reasons for his request for parole being denied (*see Matter of Lue-Shing v Pataki*, 301 AD2d 827 [2003], *lv denied* 99 NY2d 511 [2003]; *Matter of Davis v Travis*, 292 AD2d 742 [2002], *appeal dismissed* 98 NY2d 669 [2002]; *Matter of Richards v Travis*, 288 AD2d 604 [2001]). Although the Board emphasized petitioner's criminal history and the seriousness of the instant offense, the Board was not required to give equal weight to or discuss all factors considered (*see Matter of Legette v Travis*, 11 AD3d 849 [2004]; *Matter of Zhang v Travis*, 10 AD3d 828 [2004]). Inasmuch as the determination resulted from an exercise of the Board's discretion based upon the statutory guidelines, and given petitioner's failure to demonstrate that the determination was affected by "irrationality bordering on impropriety," it will not be disturbed (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.