■ In the Matter of CONNIE JOHNSON, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [790 NYS2d 733]—

Appeal from a judgment of the Supreme Court (LaBuda, J.), entered March 5, 2004 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner is currently serving a sentence of eight years to life stemming from his conviction of assault in the second degree. Following his fifth appearance before the Board of Parole in February 2003, his request for parole release was denied. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding. Supreme Court granted respondent's motion to dismiss the petition and this appeal ensued.

We affirm. Decisions regarding parole release are discretionary and will not be disturbed absent a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). In reviewing a request for parole release, the Board is required to consider the

factors set forth in Executive Law § 259-i (2) (c). It is well settled that the Board is not required to give equal weight to or specifically discuss every factor considered in making its decision (*see Matter of Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of Marcelin v New York State Div. of Parole*, 308 AD2d 616, 617 [2003]). Although here the record reveals that the Board placed particular emphasis on petitioner's offense, it also establishes that the Board considered his violent criminal history, institutional conduct since his last Board appearance and plans upon release. Inasmuch as the Board considered relevant statutory factors in denying petitioner's parole request, further judicial review is precluded (*see* Executive Law § 259-i [5]; *Matter of Marcelin v New York State Div. of Parole, supra* at 617). Petitioner's remaining contentions, including that the determination was effected by bias or influenced by political agenda to automatically deny violent felons parole release, have been considered and found to be unpersuasive.

Crew III, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.