■ In the Matter of CLARENCE WATFORD, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [790 NYS2d 780]—

Cardona, P.J. Appeal from a judgment of the Supreme Court

(Benza, J.), entered February 25, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

In 1980, petitioner, now 66 years old, was sentenced to a prison term of 25 years to life following his conviction after a jury trial of murder in the second degree for his successful solicitation of two juveniles to shoot the victim in exchange for a sum of money. Prior to that conviction, petitioner pleaded guilty to criminal possession of a weapon in the third degree and possession of gambling records. At his initial parole interview on May 14, 2003, the Board of Parole denied petitioner's request for parole release. Although petitioner administratively appealed the determination, he failed to receive a timely answer and his administrative remedies were deemed exhausted pursuant to 9 NYCRR 8006.4. Thereafter, petitioner commenced this CPLR article 78 proceeding to review the Board's determination. Supreme Court dismissed the petition, prompting this appeal.

A parole determination that complies with the applicable statutory requirements is not subject to judicial review absent a showing of "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]; *see* Executive Law § 259-i [2] [c] [A]; [5]; *Matter of Tatta v Travis*, 9 AD3d 763 [2004], *lv denied* 3 NY3d 610 [2004]). Here, the record reveals that the Board considered the relevant statutory factors, including petitioner's good disciplinary record, successful involvement in institutional programming and numerous letters in support of his release (*see Matter of Silmon v Travis, supra* at 476-477; *Matter of King v New York State Div. of Parole*, 83 NY2d 788, 790-791 [1994]; *Matter of Trobiano v State of N.Y. Div. of Parole*, 285 AD2d 812, 813 [2001], *lv denied* 97 NY2d 607 [2001]). However, because the Board is not required to give equal weight to each factor, it was not arbitrary and capricious for the Board to deny petitioner parole release on the basis that, despite his positive postconviction activities, release at this time would not be appropriate in light of, inter alia, the seriousness of his crime (*see Matter of Legette v Travis*, 11 AD3d 849, 850 [2004]; *Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of Torres v New York State Div. of Parole*, 300 AD2d 128, 128-129 [2002]). Accordingly, the petition was properly dismissed.

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.