■ In the Matter of CARLOS AULET, Appellant, v BRION TRAVIS, as Chair of the New York State Board of Parole, Respondent. [793 NYS2d 257]—

Appeal from a judgment of the Supreme Court (Lamont, J.), entered June 10, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently incarcerated serving concurrent terms of imprisonment of nine years to life upon his conviction of murder in the second degree and 6 to 15 years upon his conviction of kidnapping in the first degree. His convictions resulted from his involvement in the death of a mildly retarded young man who he and an accomplice lured to an abandoned factory, stabbed, pushed down an elevator shaft and covered with heavy equipment. The victim's skeletal remains were not discovered

until a year and a half later. Petitioner's first application for parole release was denied in August 2001. In August 2003, he reappeared before the Board of Parole and his request for parole release was again denied. After the determination was upheld on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

We affirm. Contrary to petitioner's claim, the record discloses that the Board properly considered the relevant statutory factors in denying his application for release on parole (*see* Executive Law § 259-i; *Matter of Marcelin v New York State Div. of Parole*, 308 AD2d 616, 617 [2003]; *Matter of Ek v New York State Bd. of Parole*, 307 AD2d 433, 433 [2003]). Although it placed significant emphasis on the heinous nature of petitioner's crimes, the Board also took into account his relatively clean disciplinary record, lack of prior crimes, educational accomplishments, employment plans and program achievements. Inasmuch as there was no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]), we find no reason to disturb the determination. We have considered petitioner's remaining contentions, including his due process claim, and find them to be without merit.

Cardona, P.J., Crew III, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.