■ In the Matter of KEVIN MARTIN, Appellant, v BRION D. TRAVIS, as Chair of the Board of Parole, Respondent. [793 NYS2d 301]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered July 2, 2004 in Franklin County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

Petitioner appeared before the Board of Parole in June 2003 and his request for parole release was denied. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the June 2003 parole determination. Supreme Court dismissed the petition and this appeal ensued.

We are unpersuaded by petitioner's contention that the Board failed to consider all relevant statutory factors in denying his

request for parole release and placed undue emphasis on the instant offense. Although the Board is required to consider all factors set forth in Executive Law § 259-i (2) (c) in reviewing a request for parole release, it is not required to give equal weight to or specifically discuss all factors it considered in making its determination (*see Matter of Little v Travis*, 15 AD3d 698 [2005]; *Matter of Larmon v Travis*, 14 AD3d 960 [2005]). Here, a review of the Board's determination and the parole release interview establishes that the Board considered petitioner's positive achievements while incarcerated, his participation in various institutional programs and his plans upon release. The Board, nevertheless, determinated that these positive achievements were outweighed by the instant offense, petitioner's criminal history, insincere efforts to address his substance abuse and the fact that the instant offense was committed less than two months after petitioner was released on parole from a sentence of 10 to 20 years. Inasmuch as the record establishes that the determination resulted from an exercise of the Board's discretion upon consideration of all relevant statutory factors and there is no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), the determination is not subject to further judicial review (*see* Executive Law § 259-i [5]; *Matter of Moore v Travis*, 8 AD3d 717, 718 [2004]). Petitioner's remaining contentions, including that the Board should have considered the recommendation of the sentencing court, have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.