■ In the Matter of JAMES DAVIS, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [793 NYS2d 644]—

Appeal from a judgment of the Supreme Court (Connor, J.), entered October 26, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner was convicted in 1972 of three counts of attempted murder in the third degree and two counts of criminal possession of a weapon in the third degree as the result of his involvement in a shootout with three New York City police officers. He was sentenced to concurrent terms of imprisonment of 25 years to life on the attempted murder charges and seven years on the weapons charges. In December 2003, he made his fifth appearance before respondent seeking parole release. His request was denied following a hearing and he was ordered held for 24 months. After this determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, resulting in this appeal.

We affirm. We note that parole release determinations are discretionary and will not be disturbed unless there has been a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Johnson v New York State Bd. of Parole*, 16 AD3d 750, 750 [2005]). Although respondent must comply with the requirements of Executive Law § 259-i in making such determinations (*see Matter of Rosario v Travis*, 1 AD3d 792, 792 [2003]), it need not articulate every factor considered or give each factor equal weight (*see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of Ek v New York State Bd. of Parole*, 307 AD2d 433, 433-434 [2003]). Here, while respondent placed significant emphasis upon the violent nature of petitioner's crimes and pattern of criminal behavior, it also properly considered other statutory factors, such as his clean disciplinary record, positive program accomplishments and release plans (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]). Consequently, its determination adequately complied with the statute. Contrary to petitioner's claim, we do not find that respondent's determination was premised on an executive policy to deny parole to all violent felons (*see Matter of Little v Travis*, 15 AD3d 698, 699 [2005]). We have considered petitioner's remaining contentions, to the extent they are properly before us, and find them to be unavailing.

Crew III, J.P., Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.