■ In the Matter of FERNANDO MOREL, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [793 NYS2d 920]—

Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered July 16, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

Petitioner is currently serving a prison sentence of 8⅓ to 25 years for his conviction in 1992 of manslaughter in the first

degree and criminal possession of a weapon in the fourth degree. In September 2003, petitioner made his third appearance before the Board of Parole and again was denied release. After exhausting his administrative remedies, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

The record fails to support petitioner's contention on appeal that the Board denied his request for parole release based solely on the instant offense to the exclusion of all other relevant factors. Rather, a review of the Board's determination and the parole hearing establish that the Board considered all relevant statutory factors, including petitioner's positive disciplinary record, participation in various programs and his plans upon release (*see* Executive Law § 259-i [2] [c] [A]). Nevertheless, the Board is not required to give equal weight to or discuss every factor it considered in reaching its determination (*see Matter of Watford v Travis*, 16 AD3d 850 [2005]; *Matter of Wan Zhang v Travis*, 10 AD3d 828 [2004]). Inasmuch as the record fails to demonstrate that the discretionary determination was affected by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), it will not be disturbed (*see Matter of Guerin v New York State Div. of Parole*, 276 AD2d 899, 900 [2000]).

Cardona, P.J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.