■ In the Matter of JOSEPH DEFINO, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [795 NYS2d 477]—

Mercure, J. Appeal from a judgment of the Supreme Court

(Clemente, J.), entered June 3, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving a prison term of 7 to 21 years for his 1994 conviction of manslaughter in the first degree, arising from the death of an acquaintance who had been shot multiple times by petitioner. Following the denial of his third application for parole release and an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to challenge the Board of Parole's determination. Supreme Court dismissed the application, petitioner appeals and we affirm.

The record demonstrates that the Board considered the statutory factors relevant to petitioner, including evidence of his certificate of earned eligibility and other accomplishments in prison vocational and drug rehabilitation programs (*see* Executive Law § 259-i). However, the Board ultimately determined that, on balance, the brutal and avoidable nature of petitioner's drug-related crime compelled a finding that petitioner was not an acceptable candidate for parole release.

We find no abuse of discretion in the Board's emphasis upon the seriousness of petitioner's crime (*see Matter of Little v Travis*, 15 AD3d 698 [2005]; *Matter of Legette v Travis*, 11 AD3d 849, 850 [2004]; *Matter of Trobiano v State of N.Y. Div. of Parole*, 285 AD2d 812, 813 [2001], *lv denied* 97 NY2d 607 [2001]), particularly as the Board is not required to give equal weight to each factor considered (*see Matter of Little v Travis, supra*; *Matter of Legette v Travis, supra*; *Matter of Wan Zhang v Travis*, 10 AD3d 828 [2004]). Where, as here, the Board duly considered the statutory factors set forth in Executive Law § 259-i (2) (c) (A) (*see Matter of Lue-Shing v Pataki*, 301 AD2d 827, 828 [2003], *lv denied* 99 NY2d 511 [2003]; *Matter of Trobiano v State of N.Y. Div. of Parole, supra*) and there is no showing that the Board's decision is tainted by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), further judicial review of the denial of parole is precluded (*see Matter of Johnson v New York State Bd. of Parole*, 16 AD3d 750, 751 [2005]; *Matter of Little v Travis, supra*; *Matter of Trobiano v State of N.Y. Div. of Parole, supra* at 812-813). We are unpersuaded by petitioner's claim that the Board's decision was not an exercise of discretion but was predetermined to comply with an unwritten policy against granting parole to violent felons (*Matter of Johnson v New York State Bd. of Pa-*

role, supra; *Matter of Little v Travis, supra; Matter of Lue-Shing v Pataki, supra* at 828). Finally, to the extent that petitioner's constitutional argument challenging the Board's decision on equal protection grounds has been preserved for our review, it is without merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.