In the Matter of AINSWORTH HUNTER, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [800 NYS2d 799]—

Appeal from a judgment of the Supreme Court (Canfield, J.), entered March 2, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

Petitioner is serving a sentence of 12½ to 25 years as a second violent felony offender following his conviction of attempted murder in the second degree. In October 2003, petitioner made his initial appearance before the Board of Parole and his request for release was denied. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court dismissed the petition, prompting this appeal.

A review of the record fails to support petitioner's contention that the Board's determination was based solely on the instant offense to the exclusion of all other statutory factors. Rather, the parole hearing transcript and Board's determination demonstrate that the Board considered petitioner's positive institutional programming and accomplishments, disciplinary infractions, potential deportation and plans upon release. Although the Board emphasized the serious nature of the instant offense, which involved terrorizing multiple victims and was committed while petitioner was on probation supervision, it was not required to assign equal weight to or discuss every factor it considered in making its determination (*see Matter of Motti v Travis*, 19 AD3d 763 [2005]; *Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]). Inasmuch as the Board considered the relevant statutory factors (*see* Executive Law 259-i [2] [c] [A]), and there being no showing that the determination was affected

by irrationality bordering on impropriety, the determination will not be disturbed (*see Matter of Martin v Travis*, 17 AD3d 884 [2005], *appeal dismissed* 5 NY3d 782 [2005]; *Matter of Gonzalez v Travis*, 275 AD2d 827 [2000], *lv denied* 95 NY2d 769 [2000]). Petitioner's remaining contentions, including that it was irrational not to grant him parole conditioned on his deportation, have been reviewed and found to be without merit.

Spain, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.