In the Matter of RAFAEL ALMEYDA, Appellant, v BRION D. TRAVIS, as Chair of the New York State Board of Parole, Respondent. [800 NYS2d 856]—

Appeal from a judgment of the Supreme Court (Stein, J.), entered January 27, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 15 years to life upon a 1979 conviction of murder in the second degree for the death of his infant child. Petitioner appeared before the Board of Parole for the seventh time in April 2004 and was again denied parole release. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition and this appeal ensued.

Initially, "[w]e are unpersuaded by petitioner's contention that the determination was based upon an informal policy to deny parole to all violent felons rather than on the relevant statutory factors" (*Matter of Little v Travis*, 15 AD3d 698, 698 [2005], *appeal dismissed* 4 NY3d 878 [2005]; *see Matter of Davis v New York State Bd. of Parole*, 17 AD3d 970 [2005]). A review of the record reveals that the Board properly considered not only the instant offense but all the relevant statutory factors (*see* Executive Law § 259-i), including petitioner's institutional programming achievements, lack of a disciplinary record and his plans for release. Thus, inasmuch as petitioner has not demonstrated that the Board's determination was affected by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no basis upon which to disturb it.

Petitioner's remaining contentions, including his claim that the Board improperly held against him his refusal to discuss the crime, have been reviewed and found to be without merit.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.