■ In the Matter of DESULMA CHRISNER, Appellant, v ROBERT DENNISON, as Chair of New York State Division of Parole, Respondent. [802 NYS2d 795]—

Appeal from a judgment of the Supreme Court (Bradley, J.), entered February 24, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Following his 1996 conviction of arson in the second degree and two counts of reckless endangerment in the first degree, petitioner was sentenced to concurrent prison terms of 7 to 21 years on the arson count and 2⅓ to 7 years on the reckless endangerment counts. He made his first appearance before the Board of Parole on September 16, 2003, after which his request for release on parole was denied and he was scheduled to reappear before the Board in August 2005. His reappearance was subsequently postponed to November 2005. After the Board's determination was affirmed on administrative appeal, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

Initially, we note that the transcript of the parole hearing discloses that the Board, in making its decision, considered the statutory factors set forth in Executive Law § 259-i, including the nature of the crimes as well as petitioner's program accomplishments, disciplinary record and release plans. Thus, its determination does not evince " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Notwithstanding petitioner's claim to the contrary, the Board's determination is also not the result of an executive policy to deny parole to all violent felons (*see Matter of Davis v New York State Bd. of Parole*, 17 AD3d 970 [2005]). Furthermore, the fact that his sentence was vacated on September 9, 2003 and he was remanded for resentencing with the directive that he be resentenced to the same sentence originally imposed has no effect on the Board's authority to deny him parole and hold him for an additional 24 months. Petitioner's remaining claims have either not been preserved for review or are unavailing.

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.