■ In the Matter of ERNEST SCOTT, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [805 NYS2d 440]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 8, 2005 in Albany County, which dismissed petitioner's application, in proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1999, petitioner pleaded guilty to manslaughter in the second degree after he was accused of conspiring with an ac-

quaintance to kill his business partner. Following a heated argument with the victim, petitioner drove the acquaintance to the victim's home and provided him with a gun, whereupon the acquaintance fatally shot the victim and injured the victim's girlfriend by shooting her in the head. Petitioner confessed to his involvement in the crime more than four years later after he was arrested for felony marihuana possession. He was sentenced to 5 to 15 years in prison and made his first appearance before the Board of Parole in December 2003. The Board denied petitioner's request for parole release and its decision was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging that decision. Supreme Court dismissed the petition, resulting in this appeal.

Contrary to petitioner's claim, the Board took into account the relevant factors in denying his request for parole release, including the serious nature of his crime as well as his receipt of a certificate of earned eligibility, remorse for his conduct, program accomplishments, vocational skills, clean disciplinary record and postrelease plans for employment and residence (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]; *see also Matter of Davis v New York State Bd. of Parole*, 17 AD3d 970, 970 [2005]; *Matter of Aulet v Travis*, 17 AD3d 883, 884 [2005]). Furthermore, there is nothing to substantiate petitioner's claim that the Board's decision was part of an executive policy to deny release to violent felons (*see Matter of Davis v New York State Bd. of Parole, supra* at 970). On the record as a whole, we do not find that the Board's decision exhibits " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]) and, therefore, we decline to disturb it. We have considered petitioner's remaining contentions and find them to be unavailing.

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.