■  In the Matter of NATHAN McCORKLE, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [804 NYS2d 697]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Connor, J.), entered March 31, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1996, petitioner was convicted upon his plea of guilty of the crimes of robbery in the first degree and assault in the second degree and was thereafter sentenced to concurrent prison terms of 9 to 18 years and 3 to 6 years, respectively. The convictions stemmed from a March 1995 incident in which petitioner held up a gas station with a box cutter and, in the course thereof, threw "burning liquid" into the attendant's face and injured a police officer who was trying to apprehend him. The Board of Parole denied petitioner's January 2004 request for release, prompting this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition and this appeal ensued. We affirm.

Initially, we note that a parole release determination is discretionary and will not be disturbed absent a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v*

*New York State Bd. of Parole,* 50 NY2d 69, 77 [1980]). A review of the record herein reveals that the Board—while emphasizing the violent nature of the instant offense, petitioner's extensive criminal history and status as a parole violator, and petitioner's negative prison disciplinary record—was careful to consider all of the relevant statutory factors, including petitioner's positive program achievements and release plans (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]). Accordingly, we discern no basis for interfering with the Board's determination denying petitioner's request for parole release (*see Matter of Davis v New York State Bd. of Parole,* 17 AD3d 970, 970 [2005]). Petitioner's remaining contentions have been examined and found to be unpersuasive.

Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.