In the Matter of David Rodney, Appellant, v Robert Dennison, as Chair of the New York State Board of Parole, Respondent. [805 NYS2d 743]—

Appeal from a judgment of the Supreme Court (Kavanagh,

J.), entered May 17, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted of multiple felonies, including murder, attempted murder and first degree robbery, as a result of his participation in three armed robberies in Brooklyn during January, March and April 1979. He is currently serving a sentence of 25 years to life in prison. In March 2004, he made his first appearance before the Board of Parole for parole release. His request was denied and this decision was upheld on administrative appeal. He commenced this CPLR article 78 proceeding challenging the Board's decision and, following respondent's service of an answer, Supreme Court dismissed the petition. This appeal ensued.

Initially, it is well settled that parole release decisions are discretionary (*see Matter of Dean v New York State Div. of Parole*, 21 AD3d 1207, 1208 [2005]) and will not be disturbed unless they exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). While the Board is obligated to consider the statutory factors set forth in Executive Law § 259-i, it need not articulate every factor in its decision nor give each factor equal weight (*see Matter of Davis v New York State Bd. of Parole*, 17 AD3d 970, 970 [2005]; *Matter of Johnson v New York State Bd. of Parole*, 16 AD3d 750, 750-751 [2005], *lv denied* 5 NY3d 703 [2005]). Here, the Board considered petitioner's program and academic accomplishments, disciplinary record and postrelease plans, but found that the violent nature of his crimes, involving one death and serious injuries to three individuals, were an overriding consideration warranting the denial of parole release. In view of this, we cannot conclude that the Board's decision was arbitrary or that it was the result of an executive policy to deny parole to violent felons (*see Matter of Davis v New York State Bd. of Parole, supra* at 970).

Cardona, P.J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.