■ In the Matter of EDUARDO BAEZ, Appellant, v ROBERT DENNISON, as Chair of New York State Board of Parole, Respondent. [807 NYS2d 485]—

Appeal from a judgment of the Supreme Court (Connor, J.), entered June 30, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving concurrent prison sentences following his 1993 conviction of conspiracy in the second degree and two convictions of criminal sale of a controlled substance in the second degree. In June 2004, petitioner appeared before the Board of Parole and his request for parole release was denied. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the Board's determination. Supreme Court dismissed the petition and this appeal ensued.

The record belies petitioner's contention that the Board considered the nature of the instant offense to the exclusion of all other relevant statutory factors. Rather, the record demonstrates that the Board considered the relevant statutory factors, including petitioner's educational and programming achievements while incarcerated, lack of disciplinary infractions and plans upon release (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]). Although the Board emphasized his instant offense, which involved petitioner—a manager in a drug ring—selling three ounces of cocaine and a conspiracy to murder a rival drug leader, the Board is not required to give equal weight to, or specifically

discuss, every factor it considered in rending its determination (*see Matter of Sanchez v Dennison*, 21 AD3d 1249, 1250 [2005]; *Matter of Morel v Travis*, 18 AD3d 930, 931 [2005]). Moreover, the record contains no support for petitioner's claim that the Board considered erroneous information regarding his role in the crimes for which he was convicted. As the Board considered the appropriate statutory factors, and there is no showing of " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), further judicial review of the determination is precluded (*see* Executive Law § 259-i [5]).

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.