■ In the Matter of DAVID WOOD, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [807 NYS2d 480]—

Appeal from a judgment of the Supreme Court (Canfield, J.), entered July 11, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1984, petitioner was convicted of two counts of murder in the second degree and two counts of criminal possession of a weapon in the second degree in connection with the shooting death of his girlfriend and a male acquaintance. He was sentenced to concurrent prison terms of 20 years to life on the murder charges and 5 to 15 years on the weapons charges. He made his first appearance before the Board of Parole in July 2003. At the conclusion of the hearing, his request for release on parole was denied and he was held for an additional 24 months. The denial was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the Board's decision. Following joinder of issue, Supreme Court dismissed the petition and petitioner's scheduled reappearance before the Board was postponed until January 2006.

We affirm. The Board considered the relevant factors set forth in Executive Law § 259-i, including the serious nature of petitioner's crimes, his minimal criminal history, numerous program accomplishments and postrelease plans, in denying his request for release (*see Matter of Abascal v New York State Bd. of Parole*, 23 AD3d 740, 741 [2005]; *Matter of Aulet v Travis*, 17 AD3d 883, 884 [2005]). Although the Board placed particular emphasis on the serious nature of petitioner's crimes, it was not required to give each statutory factor equal weight (*see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 790 [2004]). Moreover, while one of the Board members incorrectly stated at the beginning of the hearing that petitioner was convicted of murder in the first degree, this inaccuracy was not relied upon by the Board in making its decision, as it properly noted petitioner's conviction of murder in the second degree. Finally, we reject petitioner's suggestion that the Board's determination was premised upon an unwritten executive policy to deny parole to violent felons (*see Matter of Almeyda v Travis*, 21 AD3d 1200 [2005], *lv denied* 6 NY3d 703 [2006]). Insofar as we do not find that the Board's decision demonstrates " 'irrationality bordering on impropriety,' " we decline to disturb it (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

Cardona, P.J., Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.