■ In the Matter of LAUREL WARD, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [809 NYS2d 671]—

31 [2001]; see Family Ct Act § 413 [1] [e]; *Matter of Bryant v Bryant*, 235 AD2d 116, 120 [1997]).

Appeal from a judgment of the Supreme Court (McNamara, J.), entered June 30, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

Petitioner was convicted of manslaughter in the first degree after he struck his four-month-old son, causing his death. He was sentenced to 8$^{1}/_{3}$ to 25 years in prison. In December 2003, he made a second appearance before the Board of Parole for release. At the conclusion of the hearing, the Board denied him release and ordered him held until his next hearing. After the determination was affirmed on administrative appeal, petitioner commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

We affirm. The Board's decision does not evidence " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). In making its determination, the Board need not articulate every factor it considered or give equal weight to each factor (*see Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]). Here, the Board placed emphasis upon petitioner's lack of remorse, but also considered other relevant statutory factors. We also reject petitioner's claim that the Board's decision is the product of an executive policy against granting parole to violent felons (*see Matter of Davis v New York State Bd. of Parole*, 17 AD3d 970, 970 [2005]).

Cardona, P.J., Peters, Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.