■ In the Matter of Luis Silvero, Respondent, v Robert Dennison, as Chair of the New York State Board of Parole, Appellant. [811 NYS2d 822]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered October 17, 2005 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Board of Parole denying petitioner's request for parole release.

Following his guilty plea to manslaughter in the first degree and criminal possession of a weapon in the second degree in 1992, petitioner was sentenced to an aggregate prison term of 13 to 39 years. Petitioner's initial appearance before the Board of Parole in June 2004 resulted in a denial of parole release upon the Board's conclusion that "[a]ll factors considered, you are not a credible candidate for release at this time." Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court granted the petition, reasoning that the Board's conclusion that petitioner was not a credible candidate for release at this time provided "no insight into whether the Board took account" the statutory consideration set forth in the first sentence of Executive Law § 259-i (2) (c) (A).*

The Board's actions in reviewing applications for parole are "deemed a judicial function and shall not be reviewable if done in accordance with law" (Executive Law § 259-i [5]). Supreme Court noted in its decision that the record reveals that the Board considered all factors relevant to petitioner, including his criminal conduct, institutional behavior, programming accomplishments, his residential and employment plans upon release, and the existence of an order of deportation (see Executive Law § 259-i; *Matter of Defino v Travis,* 18 AD3d 1079, 1080 [2005]; *Matter of Perez v New York State Div. of Parole,* 294 AD2d 726 [2002]; *Matter of Hurdle v New York State Bd. of Parole,* 283 AD2d 739 [2001]). We do not find that the Board's failure to

* The statute provides: "Discretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law" (Executive Law § 259-i [2] [c] [A]).

recite the precise statutory language of the first sentence of Executive Law § 259-i (2) (c) (A) in support of its conclusion to deny parole undermines its determination (*see Matter of James v Chairman of N.Y. State Div. of Parole,* 19 AD3d 857, 858 [2005]; *Matter of Defino v Travis, supra; Matter of Hurdle v New York State Bd. of Parole, supra*). Petitioner has not demonstrated that the determination of the Board is tainted by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis,* 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77 [1980]; *see Matter of Hurdle v New York State Bd. of Parole, supra*) and, thus, Supreme Court erred in disturbing it.

We have considered the remaining issues raised in the petition and find them to be without merit.

Cardona, P.J., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed, and petition dismissed.