■ In the Matter of ABDUL HAKIM-ZAKI, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [814 NYS2d 414]—

Appeal from a judgment of the Supreme Court (Lamont, J.), entered August 26, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 20 years to life imposed upon his 1979 conviction of three counts of murder in the second degree for the stabbing death of a 71-year-old man who was confined to a wheelchair. In October 2004, petitioner made his fourth appearance before the Board of Parole and his request for parole release again was denied. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

The record belies petitioner's contention that the Board's determination denying his request for parole release was predetermined. Rather, the parole hearing transcript and the Board's determination establish that the relevant statutory factors were considered, including the nature of the crime, petitioner's institutional achievements, disciplinary record and plans upon release (*see* Executive Law § 259-i [2] [c] [A]). Although the Board placed particular emphasis on the heinous nature of the crime, the Board was not required to give equal weight to each factor it considered in rendering the determination (*see Matter of Wood v Dennison*, 25 AD3d 1056, 1057 [2006]; *Matter of Baez v Dennison*, 25 AD3d 1052, 1052-1053 [2006]; *Matter of Rodney v Dennison*, 24 AD3d 1152, 1153 [2005]). Inasmuch as the record establishes that the determination resulted from an exercise of the Board's discretion upon consideration of all relevant statutory factors and there is no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York*

*State Bd. of Parole*, 50 NY2d 69, 77 [1980]), the determination is not subject to further judicial review (*see* Executive Law § 259-i [5]; *Matter of Moore v Travis*, 8 AD3d 717, 718 [2004]). Furthermore, we reject petitioner's contention that the determination of the Board was premised upon an unwritten executive policy to deny violent felons release on parole (*see Matter of Rivera v Dennison*, 25 AD3d 856, 857 [2006]; *Matter of Turner v Dennison*, 24 AD3d 1074, 1075 [2005]). Petitioner's remaining contentions, including that the Board failed to consider the recommendation of the sentencing court judge, have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.