■ In the Matter of Nurideen Islam, Appellant, v Robert Dennison, as Chair of the New York State Board of Parole, Respondent. [822 NYS2d 820]—

Appeal from a judgment of the Supreme Court (Ferrandino, J.), entered April 18, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1984 of the crimes of murder in the second degree and attempted robbery in the first degree in connection with the shooting death of a man who refused to give money to him and his accomplices and is serving an aggregate prison term of 22 years to life. In December 2004, he made his first appearance before the Board of Parole for parole release. The Board denied him release and ordered him held for an additional 24 months. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Although petitioner contends that the Board placed undue emphasis on the seriousness of his crimes, the record discloses that it also considered other relevant statutory considerations, including petitioner's minimal criminal history, his clean prison disciplinary record, his many program accomplishments and his postrelease living arrangements, thereby complying with the mandates of Executive Law § 259-i (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]; *Matter of Rivera v Dennison*, 25 AD3d 856, 857 [2006]). The Board was not required to give each factor equal weight (*see Matter of Wood v Dennison*, 25 AD3d 1056, 1057 [2006]; *Matter of De La Cruz v Travis*, 10 AD3d 789, 790 [2004]), and we find no support in the record for petitioner's assertion that the Board's decision is the product of an informal executive policy of denying parole to violent felons (*see Matter of Rivera v Dennison, supra* at 857). Accordingly, inasmuch as petitioner has not demonstrated a " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb the Board's determination. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.