■ In the Matter of HOWARD MARNELL, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [824 NYS2d 812]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered May 18, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1983, petitioner was convicted upon his plea of guilty of murder in the second degree for the beating and stabbing death of his sister-in-law and was sentenced to a prison term of 15 years to life. In May 2005, he made his fifth appearance before the Board of Parole and his request for parole release was again denied. After that determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging it. Supreme Court dismissed the petition, prompting this appeal.

Contrary to petitioner's contention, the Board's decision denying his request for parole release does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). The record reflects that the Board took into account the appropriate statutory factors in rendering its determination, including petitioner's excellent disciplinary record, positive institutional and educational achievements, and postrelease plans (*see* Executive Law § 259-i; *Matter of Dorman v New York State Bd. of Parole*, 30 AD3d 880, 881 [2006]; *Matter of Olivera v Dennison*, 22 AD3d 949 [2005]). Although the Board emphasized the violent nature of the instant offense, it was not required to give each factor equal weight (*see Matter of Thompson v New York State Div. of Parole*, 30 AD3d 746 [2006], *lv denied* 7 NY3d 716 [2006]; *Matter of Ward v New York State Div. of Parole*, 26 AD3d 712, 713 [2006], *lv denied* 7 NY3d 702 [2006]).

Petitioner's remaining contentions, including his claims that the denial effectively constitutes resentencing and that it was made in accordance with an unwritten executive policy to deny parole release to violent felons, have been reviewed and determined to be without merit.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.