■ In the Matter of TERRY REED, Appellant, v DIVISION OF PAROLE, Respondent. [838 NYS2d 234]—

Appeal from a judgment of the Supreme Court (Feldstein, J.), entered November 3, 2006 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 1997, petitioner pleaded guilty to the crime of attempted murder in the second degree after he and two codefendants abducted a man and shot him in the head five times, almost causing his death. Petitioner was sentenced to 6 to 18 years in prison. In July 2005, he made his third appearance before the Board of Parole for parole release. At the conclusion of the hearing, his request was denied and he was ordered held for an additional 24 months. Petitioner then commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Contrary to petitioner's claim, the record reveals that the Board considered the relevant factors set forth in Executive Law § 259-i in denying his request for parole release. In addition to the seriousness of the crime, the Board took note of petitioner's criminal record, his recent prison disciplinary infractions, his failure to receive a certificate of earned eligibility, his program accomplishments and his postrelease plans. The Board was entitled to place more emphasis on the heinous nature of the crime and the attending circumstances, and was not required to accord all of the statutory factors equal weight (*see Matter of Giles v Dennison*, 31 AD3d 920, 920-921 [2006]; *Matter of Hakim-Zaki v New York State Div. of Parole*, 29 AD3d 1190, 1190 [2006]). Moreover, the record does not support petitioner's assertion that he was denied the opportunity to present his case due to interruptions by a Board member during the hearing. His remaining contentions, including his claim that the 24-month hold period was excessive, have been considered and are unpersuasive. Inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), there is no reason to disturb it.

Crew III, J.P., Carpinello, Mugglin, Lahtinen and Kane, JJ. Ordered that judgment is affirmed, without costs.