■ In the Matter of GERARD BLASICH, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [852 NYS2d 469]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered July 9, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

In 1986, following his convictions of murder in the second degree, two counts of criminal possession of a weapon in the third degree, criminal possession of a controlled substance in the seventh degree and possession of burglar's tools, petitioner was sentenced to an aggregate prison term of 15 years to life. In March 2006, petitioner made his fourth appearance before respondent and his request for parole release was denied. After that determination was affirmed upon administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, prompting this appeal.

Contrary to petitioner's contentions, respondent did not rely solely on the seriousness of his crimes in denying his request for parole release. A review of the record reveals that, in addition to the seriousness of the crimes, which included a prearranged drug-related robbery that ended with petitioner killing a man by shooting him in the face and neck, respondent considered petitioner's positive institutional programming, his recent tier III prison disciplinary infraction and his familial support for his postrelease plans to reenter the community. In making its determination, respondent appropriately considered the factors set forth in Executive Law § 259-i, however, it was not required to give each factor equal weight, nor was it required to

specifically articulate in its decision each factor it considered (*see Matter of Reed v Division of Parole*, 41 AD3d 1016, 1017 [2007]; *Matter of Cruz v New York State Div. of Parole*, 39 AD3d 1060, 1062 [2007]). As petitioner has not demonstrated that respondent's determination was affected by "irrationality bordering on impropriety" (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]; *see Matter of Borcsok v New York State Div. of Parole*, 34 AD3d 961, 961-962 [2006], *lv denied* 8 NY3d 803 [2007]), it will not be disturbed.

Petitioner's remaining contentions have been considered and found to be without merit.

Cardona, P.J., Peters, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.