██ In the Matter of JOSEPH BLACK, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [863 NYS2d 521]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 27, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

In 1992, petitioner was convicted of criminal possession of a weapon in the third degree as well as murder in the second degree and was sentenced, respectively, to concurrent prison terms of 2 to 6 years and 20 years to life. In November 2005, he made his third appearance before the Board of Parole for parole release. The Board denied his request for release and the determination was affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Initially, petitioner's challenge to the 24-month hold period imposed as part of the Board's November 2003 determination is rendered moot by his reappearance before the Board in November 2005 (*see Matter of Malangone v Dennison*, 46 AD3d 1155 [2007]). As for the Board's November 2005 deter-

mination, the record reveals that it took into account the proper statutory factors including petitioner's overall criminal history, improvements in his prison disciplinary record, the seriousness of his crimes and his postrelease plans (*see* Executive Law § 259-i; *Matter of Montalvo v New York State Bd. of Parole*, 50 AD3d 1438, 1438-1439 [2008]). The Board was not required to place particular emphasis on any specific factor nor was it required to articulate every factor considered (*see Matter of Blasich v New York State Bd. of Parole*, 48 AD3d 1029, 1029-1030 [2008]). We reject petitioner's claim that the Board predetermined his guilt and find his remaining claims lacking in merit. In sum, inasmuch as the Board's determination does not evince " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we decline to disturb it.

Cardona, P.J., Peters, Spain, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.