■ In the Matter of WARREN FRETT, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, et al., Respondents.— Kane, J. P. Appeal from a judgment of the Supreme Court (Williams, J.), entered August 25, 1988 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In October 1986, petitioner was sentenced to an indetermi-

nate prison term of 2⅓ to 7 years. In September 1987, petitioner was transferred to Woodbourne Correctional Facility in Sullivan County where he participated in facility programs in an effort to receive a certificate of earned eligibility (hereinafter CEE). The Legislature created the "earned eligibility program" as an emergency measure to deal with overcrowding in State correctional facilities (see, Pelgrin, Practice Commentaries, McKinney's Cons Laws of NY, Book 10B, Correction Law § 805 [1989 Pocket Part], at 50). The program allows respondent Commissioner of Correctional Services to, in his discretion, issue a CEE if he determines that an inmate has successfully participated in assigned facility programs (see, Correction Law § 805). The statute specifically provides: "If the commissioner determines that the inmate has successfully participated in the program he *may* issue the inmate a certificate of earned eligibility. Notwithstanding any other provision of law, an inmate who is serving a sentence with a minimum term of not more than six years and who has been issued a certificate of earned eligibility, shall be granted parole release at the expiration of his minimum term or as authorized by subdivision four of section eight hundred sixty-seven unless the board of parole determines that there is a reasonable probability that, if such inmate is released, he will not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society. Any action by the commissioner pursuant to this section shall be deemed a judicial function and shall not be reviewable if done in accordance with law" (Correction Law § 805 [emphasis supplied]).

In December 1987, the Commissioner denied petitioner a CEE and thereafter petitioner was denied parole. In its decision, however, the Parole Board determined that petitioner, if paroled, "would not live and remain at liberty without violating the law" and that petitioner's "release at this time is incompatible with the welfare of society". Petitioner then attempted to appeal the denial of a CEE through the inmate grievance program and requested that an appeals mechanism be implemented to review CEE denials. On June 8, 1988, the Central Office Review Committee denied the appeal as unreviewable under the inmate grievance program pursuant to Correction Law § 805. Petitioner then commenced this CPLR article 78 proceeding challenging the denial of a CEE. Supreme Court dismissed the petition upon a motion by respondents and this appeal followed.

We affirm, although on different grounds than those relied

upon by Supreme Court. Petitioner specifically appeals only the denial of the CEE and not his denial of parole. Viewing his appeal as such, we find petitioner's challenge to the Commissioner's denial of a CEE unreviewable as it is directed toward a nonfinal order *(see,* CPLR 7801 [1]). "As a general rule, 'finality' requires that there remain no further act or determination necessary to conclude the rights of the parties" (5 NY Jur 2d, Article 78 and Related Proceedings, § 23, at 376). More importantly, in order to review the Commissioner's denial of petitioner's CEE "some substantial and finally determined legal right of the petitioner must be involved" *(ibid.).* Petitioner contends that Correction Law § 805 creates a constitutionally protected liberty interest in receiving a CEE in that the statute limits the discretion of the Commissioner to deny a CEE only if he determines that an inmate did not "successfully participate" in the program. We disagree. Successful participation in the program is merely a threshold requirement which activates the Commissioner's discretionary power to issue a CEE *(see,* Correction Law § 805). The statute simply does not create a liberty interest in receiving a CEE because, even upon successful participation in the program, the Commissioner may deny the certificate *(see,* Correction Law § 805).

In our view, given the purely discretionary nature of petitioner obtaining a CEE, the denial of same amounts to no more than an interlocutory determination which may be considered by the Parole Board in determining petitioner's parole *(see,* Correction Law § 805). Accordingly, the petition should have been dismissed on the ground that it seeks review of a nonfinal determination.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.