■ In the Matter of ABDULLAH Y. SALAHUDDIN, Appellant, v EDWARD B. MITCHELL, as Senior Counselor of the Sullivan Correctional Facility, et al., Respondents. [649 NYS2d 353] —Spain, J. Appeal from a judgment of the Supreme Court (Kane, J.), entered June 21, 1995 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, compel the Department of Correctional Services and the New York City Department of Probation to correct or expunge certain of petitioner's prison records.

Petitioner was an inmate at Sullivan Correctional Facility in Sullivan County, serving a 25-year to life sentence, when he commenced this proceeding. In an earlier proceeding, petitioner's request for a copy of his presentence report was granted. After reviewing the presentence report, petitioner claimed that it contained "false, erroneous, fabricated, and inaccurate information". Thereafter, petitioner filed a request to review his institutional records and that request was also granted. Upon reviewing his institutional records, petitioner alleged that they contained the same "false, erroneous, fabricated and inaccurate information" as his presentence report. According to petitioner, some of the information was false while other charges had been dismissed and sealed pursuant to CPL 160.50 (1); moreover, there was a reference to an "unusual incident" based on an alleged assault on a staff member in 1984 while petitioner was incarcerated. All charges related to that

---

incident, however, had been dismissed. In the meantime, petitioner applied for clemency and his application was denied in part, he alleges, because of the inaccurate and prejudicial information in his institutional records. Petitioner commenced this CPLR article 78 proceeding in February 1995 seeking, *inter alia*, to expunge various information from his institutional records and his presentence report. Thereafter, petitioner moved for an order compelling disclosure and requiring production of the various documents that he had requested.

The State respondents* moved to dismiss for failure to state a cause of action and respondent Donna Dodds of the New York City Department of Probation (hereinafter Department of Probation) cross-moved for similar relief. Supreme Court dismissed the petition against all respondents based on their lack of authority with respect to changing the records at issue. Moreover, Supreme Court denied petitioner's request for disclosure, citing the fact that it had dismissed the petition and, therefore, the motion for discovery was academic. Petitioner appeals.

We affirm. Initially, we note that subsequent to Supreme Court's determination, the Department of Correctional Services expunged all references to the "unusual incident" based on the dismissed assault and other related charges; therefore, petitioner's arguments with respect to his institutional records are moot (*see, Matter of Finney v Leonardo*, 193 AD2d 987; *Matter of Martin v Henderson*, 159 AD2d 867, 868). The remaining references petitioner challenges are contained in the presentence report which the New York City Department of Probation prepared in 1975. However, petitioner's failure to challenge the accuracy of the information before the original sentencing court in a timely fashion forecloses any further review (*see, Matter of Gayle v Lewis*, 212 AD2d 919, *lv denied* 86 NY2d 701).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* The State respondents include personnel from the Sullivan Correctional Facility and the Department of Correctional Services.