■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL S. KARLIN, Appellant. [662 NYS2d 903] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: On a prior appeal from the judgment of conviction, this Court modified defendant's sentence on the conviction of sodomy in the first degree as a matter of discretion in the interest of justice (*People v Karlin,* 209 AD2d 987, *lv denied* 85 NY2d 863, 86 NY2d 782). Subsequently, we granted defendant's motion for a writ of error coram nobis

(*People v Karlin*, 234 AD2d 1013). We now consider the appeal de novo.

We reject the contention of defendant that he was deprived of a fair trial by prosecutorial misconduct. Although the prosecutor improperly attempted to force defendant to characterize the complainants as liars, reversal is not required "because we cannot conclude that the prosecutor's misconduct substantially prejudiced defendant" (*People v Paul*, 212 AD2d 1020, 1021, *lv denied* 85 NY2d 912; *see also, People v Montgomery*, 103 AD2d 622, 622-623). Defendant's remaining contentions concerning prosecutorial misconduct are not preserved for our review (*see*, CPL 470.05 [2]; *see also, People v Martin*, 50 NY2d 1029, 1031), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Defendant contends that County Court should have granted his motion to sever for trial the counts of the indictment relating to one of the complainants from those relating to the other five complainants. The crimes charged in the indictment are "the same or similar in law" (CPL 200.20 [2] [c]) and thus were properly joinable (*see, People v Lane*, 56 NY2d 1, 7). Therefore, defendant's motion was addressed to the sound discretion of the court (*see*, CPL 200.20 [3]; *see also, People v Bruce*, 216 AD2d 913, 914, *lv denied* 86 NY2d 872). Because defendant failed to make the requisite showing that severance should be granted "in the interest of justice and for good cause shown" (CPL 200.20 [3]), the court did not abuse its discretion in denying the motion.

Defendant has not shown that his trial counsel was ineffective (*see, People v Flores*, 84 NY2d 184, 186-187; *People v Baldi*, 54 NY2d 137, 146-147). Rather, "the evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation," establish that defendant received meaningful representation (*People v Baldi, supra*, at 147).

Defendant failed to preserve for our review his contentions that the proof on count 11, endangering the welfare of a child, is insufficient, and that the court improperly excluded the public from the initial voir dire (*see*, CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-20). We decline to exercise our power to review these contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

We exercise our discretion in the interest of justice to reduce the sentence on the conviction of sodomy in the first degree to a term of incarceration of 4 to 12 years, thereby reducing the aggregate sentence to a term of incarceration of 12 to 36 years.

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Yates County Court, Falvey, J.—Sodomy, 1st Degree.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.