■ In the Matter of GARY JARVIS, Appellant, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. [714 NYS2d 825] —Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 16, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services denying petitioner's application for a certificate of earned eligibility.

Petitioner, a prison inmate, was denied a certificate of earned eligibility based upon his overall unacceptable level of program attendance and was apparently denied parole release due in

part to his failure to obtain the certificate. Petitioner commenced this CPLR article 78 proceeding challenging the determination denying the certificate and Supreme Court dismissed the petition, finding that the determination was not arbitrary or capricious and was supported by a rational basis. We affirm.

The denial of a certificate of earned eligibility is an interlocutory determination which may be considered by the Board of Parole in deciding a request for parole release (*see, Matter of Frett v Coughlin*, 156 AD2d 779, 781). Inasmuch as petitioner's challenge is directed only at the denial of the certificate of earned eligibility and not to the denial of parole, the petition should have been dismissed on the ground that it seeks review of a nonfinal order (*see, id.*, at 781). In any event, were we to review the issue, we would find that petitioner's acknowledged failure to fully participate in a sex offender treatment program provides a rational basis for the discretionary denial of a certificate of earned eligibility (*see generally*, Correction Law § 805).

Cardona, P. J., Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.