■ In the Matter of ARMANDO CARDONA, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [726 NYS2d 597] —Appeal from a judgment of the Supreme Court (Canfield, J.), entered October 31, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner has been in prison since 1973 serving an aggregate prison sentence of 25 years to life after having been convicted of murder and criminal possession of a weapon in the third degree. In 1988, while incarcerated, petitioner was convicted of attempted criminal possession of a weapon in the third degree and sentenced to an indeterminate prison term of 1½ to 3 years. Petitioner's applications for parole release were previously denied in 1996 and 1998. In March 1999, petitioner again appeared before respondent for a parole release interview and was denied release. Petitioner now appeals Supreme Court's dismissal of the CPLR article 78 proceeding to review that determination and we affirm.

The record reveals that in denying petitioner's request for parole release, respondent considered the relevant factors, including the serious and violent nature of his crimes, his poor institutional record and his postrelease plans (see, Matter of Porter v New York State Bd. of Parole, 282 AD2d 843). Although petitioner asserts that certain documents considered by respondent contain erroneous criminal history information and an inaccurate description of the offense, there is nothing in the record to indicate that respondent's determination was affected by an error of fact (see, Matter of Morel v Travis, 278 AD2d 580, lv dismissed and denied 96 NY2d 752). Inasmuch as petitioner has failed to demonstrate that respondent's determination was affected by a " 'showing of irrationality bordering on impropriety' " (Matter of Silmon v Travis, 95 NY2d 470, 476, quoting Matter of Russo v New York State Bd. of Parole, 50 NY2d 69, 77), we perceive no basis upon which to disturb the discretionary determination that petitioner was not an acceptable candidate for parole release (see, Matter of Porter v New York State Bd. of Parole, supra).

Peters, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.