■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICO COX, Appellant. [747 NYS2d 178]

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94). The credible evidence clearly warranted an inference of accessorial conduct (*see People v Allah*, 71 NY2d 830).

Defendant's CPL 440.10 motion was properly denied after a thorough hearing. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761). Based on the credible evidence, the court properly determined that there were no violations of the People's disclosure obligations under *Brady v Maryland* (373 US 83). Furthermore, the court properly exercised its discretion in denying defendant's pro se request to reopen the hearing, since the additional document defendant wished to introduce should have been introduced at the proper time and would not, in any event, have affected the result of the hearing.

Viewed as a whole, the record before us establishes that trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714).

When a testifying witness gave unexpected and damaging responses at trial, the court properly exercised its discretion in permitting the prosecutor to confer with her privately with appropriate safeguards (*see People v Branch*, 83 NY2d 663, 667).

Defendant's claim that he was denied a fair trial because of the court's questioning of a witness is unpreserved for appellate review (*People v Charleston*, 56 NY2d 886), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court's questioning was not excessive and served to clarify issues and develop significant factual

information in the case (*People v Yut Wai Tom*, 53 NY2d 44, 56-57). Concur—Nardelli, J.P., Saxe, Buckley, Ellerin and Marlow, JJ.