■ In the Matter of RICO COX, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant. [783 NYS2d 410]—

Mercure, J.P. Appeals (1) from a judgment of the Supreme Court (Sheridan, J.), entered November 13, 2003 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner parole release, and (2) from

an order of said court, entered April 1, 2004, which, inter alia, denied respondent's motion for reconsideration.

In 1997, petitioner was convicted of the crimes of attempted murder in the second degree and manslaughter in the first degree and sentenced to 8⅓ to 25 years in prison (*People v Cox*, 297 AD2d 589 [2002], *lv denied* 99 NY2d 557 [2002]) in connection with the shooting death of one victim and attempted murder of another. In 2002, petitioner appeared before the Board of Parole. He asserted that a codefendant was the shooter and objected to statements in his inmate status and presentence investigation reports that implicated him. The Board explained that it was bound by the facts as they appeared in the "court record." Ultimately, the Board denied parole, basing its determination in part on "the violent nature and circumstances of the instant offense [in which] you shot your victim causing his death and fired in the direction of another." Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination. Concluding that the Board's determination was based on erroneous information, Supreme Court granted the petition and remanded the matter for a new hearing. Respondent now appeals from that judgment and a subsequent order denying its motion to renew. We now reverse the judgment granting the petition.

It is well settled that judicial intervention in a parole determination "is warranted only when there is a 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see Matter of Cardona v New York State Bd. of Parole*, 284 AD2d 843, 844 [2001]). Among other factors, the Board must consider the seriousness of the offense, the inmate's institutional and prior criminal records, release plans and any statement to the Board by the victim in making its determination (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]). Notably, where a court has fixed the minimum period of imprisonment, the Board is required to give due consideration to the presentence report (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]; *see also Matter of Silmon v Travis, supra* at 476-477).

Nevertheless, petitioner alleges that the Board's reliance on his inmate status and presentence investigation reports was irrational. Petitioner maintains that the record demonstrates that the statement in the reports that he was the shooter is inaccurate, referring in particular to a statement by the surviving victim that petitioner's codefendant shot at him and an eyewitness's recantation of her testimony identifying petitioner

as the shooter. Although petitioner acknowledges that other testimony given at trial—including the investigating officer's statement that the dying victim identified petitioner as the shooter—supported the conclusion in the presentence and inmate status reports, he asserts that such evidence is not credible.

We note, however, that a defendant is not permitted to collaterally attack a presentence report (*see Matter of Salerno v Murphy*, 292 AD2d 837, 837-838 [2002], *lv denied* 98 NY2d 607 [2002]; *Matter of Sciaraffo v New York City Dept. of Probation*, 248 AD2d 477, 477 [1998]). Petitioner does not dispute that he was given an opportunity before sentencing to question the accuracy of the information in the presentence report (*see* CPL 390.40 [1]; *People v Hansen*, 99 NY2d 339, 345-346 [2003]). Generally, the "failure to challenge the accuracy of the information before the original sentencing court in a timely fashion forecloses any further review" (*Matter of Salahuddin v Mitchell*, 232 AD2d 903, 904 [1996]; *see Matter of Williams v Travis*, 11 AD3d 788 [2004] [decided herewith]). Petitioner's production of favorable testimony—admittedly contradicted by other evidence in the record—does not provide a basis for departure from the rule here. Having failed to timely challenge the accuracy of the presentence report's description of the events underlying the crimes of which he was convicted, petitioner cannot now argue that the Board's statutorily-mandated consideration of that report (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]), and the inmate status report incorporating the information contained therein, was irrational. Accordingly, we reverse Supreme Court's judgment and dismiss the petition. Our determination renders academic respondent's appeal from the denial of its motion to renew.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, determination confirmed, and petition dismissed. Ordered that the appeal from the order is dismissed, as academic, without costs.