■ In the Matter of ROBERT SIMMONS, Respondent, v BRION D. TRAVIS, as Chairman of New York State Division of Parole, Appellant. [788 NYS2d 752]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered December 17, 2003 in a proceeding pursuant to CPLR article 78. The judgment granted the petition, vacated the determination denying petitioner release on parole, and ordered a new hearing.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner, an inmate at the Orleans Correctional Facility, commenced this proceeding pursuant to CPLR article 78 seeking to vacate the determination of the New York State Division of Parole denying him discretionary release. Petitioner contended, inter alia, that the Parole Board erred in considering the disposition of Family Court matters in making its determination. Supreme Court granted the petition on that ground, vacated the determination denying discretionary release, and ordered a new hearing. We reverse the judgment and dismiss the petition. The Family Court matters referred to by petitioner are noted in petitioner's presentence report and are reproduced in the inmate status report. The Parole Board is statutorily mandated to consider the presentence report in making its determination (*see* Executive Law § 259-i [1] [a]; [2] [c] [A]; *see also Matter of Silmon v Travis,* 95 NY2d 470, 476 [2000]). To the extent that petitioner challenges the content of the presentence report, we note that the time to object to it has long since passed (*see* CPL 400.10 [3]; *see also Matter of Salerno v Murphy,* 292 AD2d 837, 837-838 [2002], *lv denied* 98 NY2d 607 [2002]), and that he may not collaterally attack it as part of the parole proceeding (*see Matter of Cox v New York State Div. of Parole,* 11 AD3d 766, 768 [2004]). Moreover, Executive Law § 259-c (3) directs the Parole Board to compile "the complete criminal record and family court record" of an inmate "so as to be readily available when the parole of such inmate is being considered." Thus, we conclude that the Parole Board did not

consider any nonstatutory factors in making its determination. Present—Hurlbutt, J.P., Gorski, Martoche, Smith and Lawton, JJ.