■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. CASSIDY, Appellant. [791 NYS2d 259]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered June 24, 2003. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts) and endangering the welfare of a child (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]) and three counts of endangering the welfare of a child (§ 260.10 [1]). We reject the contention of defendant that County Court erred in denying his challenges for cause to four prospective jurors. While two of the prospective jurors were retired police officers who had some familiarity with witnesses who testified at trial, and one of those two prospective jurors had known a witness for many years, the witnesses did not fall within the class of persons that would have required those prospective jurors to be disqualified under CPL 270.20 (1) (c). The fact that either prospective juror was "a former police officer who had ' "nodding acquaintance[s]" ' with several of the prospective witnesses did not render him inherently biased so as to justify disqualification for cause under CPL 270.20 (1) (c)" (*People v Pickren*, 284 AD2d 727, 728 [2001], *lv denied* 96 NY2d 923 [2001] [citations omitted]). As there was no allegation of misconduct by any police officer, nor did the defense attack the credibility of an officer, and as the charges did not pertain to the police, the prospective jurors did not have any "relationship to any [witness] of such nature that it [wa]s likely to preclude [them] from rendering an impartial verdict" (CPL 270.20 [1] [c]; *see People v Jones*, 299 AD2d 283 [2002], *lv denied* 99 NY2d 655 [2003]; *cf. People v Rentz*, 67 NY2d 829, 831 [1986]; *People v Hoffstetter*, 256 AD2d 1171 [1998], *lv denied* 93 NY2d 853 [1999]). Furthermore, each of the four prospective jurors unequivocally stated that he or she could be fair and decide the case solely upon the evidence presented.

We also reject the further contention of defendant that the court improperly denied his motion to sever the counts of the indictment. The offenses all involved the same or similar statutory provisions, and involved incidents in which proof as to one count would be admissible and relevant as to others. The offenses therefore were properly joined (*see People v Jones*, 236 AD2d 846 [1997], *lv denied* 90 NY2d 859 [1997]; *People v Berta*, 213 AD2d 659, 660 [1995], *lv denied* 85 NY2d 969 [1995]), and defendant failed to meet his burden of submitting sufficient evidence of prejudice from the joinder to establish good cause to sever (*see People v Karlin*, 242 AD2d 941, 942 [1997], *lv denied* 91 NY2d 893, 92 NY2d 854 [1998]).

Finally, we reject the contention of defendant that the evidence seized during a search of his house was obtained in violation of his constitutional rights. The police officers who obtained the evidence were permitted to enter and search by defendant's girlfriend, who resided at the house and possessed a key, which she used to allow the police to enter the premises. We find no reason to disturb the court's determination that she had actual and apparent authority to consent to a search of the house (*see People v Cruz*, 272 AD2d 922, 924 [2000], *affd* 96 NY2d 857 [2001]; *People v Adams*, 53 NY2d 1, 8 [1981], *rearg denied* 54 NY2d 832 [1981], *cert denied* 454 US 854 [1981]; *People v Hardgers*, 222 AD2d 1038 [1995], *lv denied* 87 NY2d 1020 [1996]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.