■ In the Matter of RUSSELL MANLEY, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [800 NYS2d 864]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered January 31, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 18 years to life for his 1985 conviction of murder in the second degree. In March 2004, petitioner appeared before respondent for the second time and was denied parole release. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging that determination. Supreme Court dismissed the petition, prompting this appeal.

A review of the record reveals that respondent considered the relevant statutory factors (*see* Executive Law § 259-i), including petitioner's positive institutional achievements and good disciplinary record, prior to making its determination. Although respondent placed emphasis on the serious nature of the instant offense, it was not required to give equal weight to or specifically discuss each factor it considered (*see Matter of Gamez v Dennison*, 18 AD3d 1099 [2005]; *Matter of Martin v Travis*, 17 AD3d 884, 885 [2005], *appeal dismissed* 5 NY3d 782 [2005]). Thus, inasmuch as there has been no showing that respondent's determination was affected by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no basis upon which to disturb it.

We note that petitioner is precluded from challenging the ac-

curacy of the information in his presentence investigation report, as such challenge should have been made before the original sentencing court (*see Matter of Cox v New York State Div. of Parole*, 11 AD3d 766, 768 [2004], *lv denied* 4 NY3d 703 [2005]; *Matter of Salahuddin v Mitchell*, 232 AD2d 903, 904 [1996]). Petitioner's remaining contentions have been reviewed and found to be without merit.

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.