■ In the Matter of WILLIAM GRIFFIN, Appellant, v ROBERT DENNISON, as Chair of the Board of Parole, Respondent. [820 NYS2d 670]—

Appeal from a judgment of the Supreme Court (McNamara, J.), entered January 13, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is serving a prison sentence of 15 years to life following his 1988 convictions of murder in the second degree, two counts of assault in the third degree and criminal possession of a weapon in the fourth degree. The charges stem from an incident wherein petitioner, in a highly intoxicated state, stabbed three fellow college students, resulting in the death of one of the victims. In October 2004, petitioner made his second appearance before the Board of Parole and his request for parole release was denied. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition and this appeal ensued.

It is well settled that "[i]n reviewing an inmate's request for parole release, the Board must consider various statutory factors (*see* Executive Law § 259-i [1]; [2] [c] [A]), but it is not required to give equal weight to or discuss every factor it considered in reaching its discretionary determination" (*Matter of Parmes v Travis*, 17 AD3d 885, 886 [2005]). A review of the record herein reveals that although it placed emphasis on the nature of the offense, the Board considered the relevant statutory factors, including petitioner's lack of criminal history, his positive educational and institutional accomplishments, good disciplinary record, expressions of remorse and plans upon release. Inasmuch as the determination resulted from an exercise of the Board's discretion based upon the statutory guidelines, and there being no showing that the determination was affected by "irrationality bordering on impropriety," further judicial review is precluded (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000] [internal quotation marks and citation omitted]; *see* Executive Law § 259-i [5]; *see also Matter of Manley v New York State Bd. of Parole*, 21 AD3d 1209, 1209 [2005], *lv denied* 6 NY3d 702 [2005]; *Matter of Mendez v New York State Bd. of Parole*, 20 AD3d 742, 743 [2005]). Petitioner's remaining contentions, including his argument that the determination was based upon an informal executive policy to deny parole release to all violent felons, have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.