██ In the Matter of EDDIE DAVIS, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent. [826 NYS2d 498]—

Appeal from a judgment of the Supreme Court (Spargo, J.), entered April 4, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for parole release.

In 1989, petitioner was convicted of murder in the second degree and attempted robbery in the first degree and was sentenced to concurrent prison terms of 15 years to life and 5 to 10 years, respectively. In February 2005, he made his second appearance before respondent requesting parole release. At the conclusion of the hearing, his request was denied and he was ordered held for an additional 24 months. The determination was affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination and the petition was ultimately dismissed by Supreme Court. Petitioner now appeals.

We affirm. Contrary to petitioner's claim, in denying his

request for parole release, respondent considered the appropriate statutory factors set forth in Executive Law § 259-i, including the seriousness of petitioner's crimes, his criminal history, prison disciplinary record, program accomplishments and postrelease plans (*see Matter of Dorman v New York State Bd. of Parole,* 30 AD3d 880, 881 [2006]; *Matter of White v Dennison,* 29 AD3d 1144, 1145 [2006]) and respondent was not required to give each factor equal weight (*see Matter of McCorkle v New York State Div. of Parole,* 19 AD3d 791, 791-792 [2005]). While petitioner contends that respondent considered documents containing erroneous information regarding his role in the crimes, the record does not establish that its decision was affected by an error of fact (*see Matter of Atkins v New York State Bd. of Parole,* 289 AD2d 667, 668 [2001]; *Matter of Cardona v New York State Bd. of Parole,* 284 AD2d 843, 844 [2001]). In sum, inasmuch as respondent's decision does not exhibit " 'irrationality bordering on impropriety,' " there is no reason to disturb it (*Matter of Silmon v Travis,* 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 77 [1980]).

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.