■ In the Matter of RICHARD CHAMPION, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [834 NYS2d 585]—

Appeal from a judgment of the Supreme Court (Lynch, J.), entered October 16, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR

article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner was convicted in 1997 of the crimes of attempted murder in the second degree, burglary in the first degree, attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree. He was sentenced to concurrent terms of imprisonment, the longest being a prison term of 9 to 18 years on the attempted murder charge. In June 2005, having served the minimum period of his sentence, petitioner made his first appearance before the Board of Parole for discretionary parole release. The Board denied his request and ordered a hold for 24 months, until June 2007. Petitioner exhausted his administrative remedies and timely commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Contrary to petitioner's claim, the Board considered the relevant statutory factors (see Executive Law § 259-i [2] [c] [A]). That provision of Executive Law § 259-i requiring the Board to consider "any statement made to the [B]oard by the crime victim" is inapplicable in this case because the victim's statement at issue was part of the presentencing proceedings and was not made directly to the Board (Executive Law § 259-i [2] [c] [A] [v]). Petitioner's claim that the Board's determination was tainted by allegedly factually erroneous statements in the presentence report is foreclosed from review due to petitioner's failure to raise his challenges to the report before the sentencing court (see Executive Law § 259-i [1] [a]; *Matter of Champion v Belmont*, 12 AD3d 1152, 1152 [2004]; *Matter of Cox v New York State Div. of Parole*, 11 AD3d 766, 768 [2004], *lv denied* 4 NY3d 703 [2005]).

The Board's miscalculation of the parole guideline range at 30 to 60 months instead of 22 to 40 months was harmless because the guideline is not determinative with respect to discretionary parole release (see 9 NYCRR 8001.3) and, in any event, the Board could not follow the guideline inasmuch as it set forth a range that was below the required minimum sentence. Given the factual circumstances of petitioner's crimes, which the Board characterized as "cruel, violent, vicious, and barbaric," the Board's decision did not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]; *see* Executive Law § 259-i [2] [c] [A]) and there is no reason to disturb it.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.