██ In the Matter of HASAUN GRIGGER, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [840 NYS2d 174]—

Appeal from a judgment of the Supreme Court (McCarthy, J.), entered October 18, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Correctional Services denying him an earned eligibility certificate and a determination of the Board of Parole denying his request for parole release.

In connection with his 1995 convictions of manslaughter in the first degree and criminal possession of a controlled substance in the third degree, petitioner was sentenced to concurrent prison terms of 8 to 24 years and 3 to 9 years, respectively. Prior to his third appearance before the Board of Parole, petitioner was notified that, due to his poor institutional behavior and confinement to the special housing unit, he would not receive a certificate of earned eligibility. When he appeared before the Board, his request for parole release was denied and

he was ordered held until June 2007. This determination was affirmed on administrative appeal. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging the determination denying him a certificate of earned eligibility as well as the determination denying his request for parole release. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

We affirm. To the extent that petitioner challenges the denial of a certificate of earned eligibility, judicial review is unavailable as such determination is nonfinal (*see Matter of Jarvis v Commissioner of N.Y. State Dept. of Correctional Servs.*, 277 AD2d 556, 557 [2000]; *Matter of Frett v Coughlin*, 156 AD2d 779, 781 [1989]). As for petitioner's challenge to the denial of his request for parole release, we do not find that the Board's determination exhibits " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). The Board considered the relevant statutory factors set forth in Executive Law § 259-i including not only the serious nature of the crimes, but also petitioner's disciplinary record, his recent confinement to the special housing unit, his failure to receive a certificate of earned eligibility, his program accomplishments and his postrelease plans (*see Matter of Mojica v Travis*, 34 AD3d 1155, 1156 [2006]). The Board was not required to accord equal weight to each of the statutory factors (*see id.*). We have considered petitioner's remaining contentions, including his claim that the sentencing minutes contain recommendations by the trial court that should have been considered, and find them to be without merit.

Mercure, J.P., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.