In the Matter of FERNANDO SERRANO, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, Respondent. [846 NYS2d 808]—

Appeal from a judgment of the Supreme Court (Sackett, J.), entered May 18, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Following the 1987 stabbing death of his wife, petitioner was convicted of murder in the second degree and was sentenced to 15 years to life in prison. In May 2006, he made his fourth appearance before the Board of Parole for parole release. The Board denied his request and ordered him held for an additional 24 months. Petitioner filed an administrative appeal and then he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Contrary to petitioner's claim, the Board did not rely solely upon the seriousness of the crime in denying his request for parole release. The record discloses that, in addition to this, the Board also considered petitioner's minimal criminal history, clean disciplinary record, program accomplishments and postrelease plans, thereby satisfying the requirements of Executive Law § 259-i (*see Matter of Davis v New York State Bd. of Parole*, 35 AD3d 1112, 1113 [2006]; *Matter of Islam v Dennison*, 33 AD3d 1147, 1148 [2006], *lv denied* 9 NY3d 802 [2007]). Significantly, the Board was not required to give each of the statutory factors equal weight (*see Matter of Motti v Dennison*, 38 AD3d 1030, 1031 [2007]). Petitioner's assertion that the Board failed to take into account the recommendations of the sentencing court is also not supported by the record. The transcript of the hearing reveals that the Board had the sentencing minutes before it and reviewed them in compliance with the statutory requirements (*compare Matter of Lovell v New York State Div. of Parole*, 40 AD3d 1166, 1167 [2007]). In sum, inasmuch as the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it.

Cardona, P.J., Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.