In the Matter of RICKY MARTIN, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [851 NYS2d 664]—

Malone, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered April 10, 2007 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

In 1982, following a jury trial, petitioner was convicted of multiple crimes, including two counts of murder in the second degree (*People v Martin*, 108 AD2d 928 [1985]) and was sentenced to a prison term of 25 years to life on these counts. In February 2006, petitioner made his first appearance before the Board of Parole, which denied his request for parole release and ordered him to reappear in February 2008. Petitioner subsequently commenced this CPLR article 78 proceeding challenging the Board's determination. Following joinder of issue, Supreme Court dismissed the petition, resulting in this appeal.

Initially, petitioner contends that the Board failed to consider the proper criteria in reaching its decision and that its decision did not sufficiently detail its reasons for denying him parole release. We disagree. The criteria to be considered by the Board when making a discretionary parole release determination are set forth in Executive Law § 259-i (2) (c). However, in making its determination, the Board need not give equal weight to each statutory factor nor is it required to specifically articulate each factor considered (*see Matter of Ward v New York State Div. of Parole*, 26 AD3d 712, 713 [2006], *lv denied* 7 NY3d 702 [2006]; *Matter of Wan Zhang v Travis*, 10 AD3d 828, 829 [2004]). Upon reviewing the record, we are satisfied that the Board considered the relevant statutory factors, including petitioner's institutional record, his postrelease plans, the seriousness of his crimes and his prior criminal record, in denying his request for parole release (*see Matter of Silvero v Dennison*, 28 AD3d 859, 859-860 [2006]; *Matter of Wan Zhang v Travis*, 10 AD3d at 829). We further find that the Board adequately set forth the factors and reasons for its denial in its decision. Additionally, contrary to petitioner's assertion, the Board was entitled to consider the otherwise confidential information regarding petitioner's prior youthful offender adjudications in arriving at its parole determination (*see* CPL 720.35 [2]). Inasmuch as there was no " 'showing of irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of*

*Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]); we decline to disturb the Board's decision.

We have considered petitioner's remaining arguments and find them to be without merit.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.