In the Matter of DANIEL KARLIN, Appellant, v GEORGE AL-EXANDER, as Chair of the Division of Parole, Respondent. [870 NYS2d 130]—

In 1993, petitioner was convicted of multiple counts of sodomy and sexual abuse in Yates County as the result of his molestation of several young boys while he worked as a camp counselor. He was sentenced to an aggregate term of 16 to 48 years in prison, which was subsequently reduced on appeal to 12 to 36 years (*People v Karlin,* 242 AD2d 941, 942 [1997], *lv denied* 92 NY2d 854 [1998]). In 1994, petitioner was convicted in Monroe County of sodomy in the first degree and was sentenced to 8⅓ to 25 years in prison, to run concurrently with his 1993 sentences. In July 2007, petitioner made his second appearance before the Board of Parole seeking parole release. The Board denied his request and ordered him held for an additional 24 months. When petitioner did not receive a response to his administrative appeal, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

We affirm. The record discloses that the Board considered the relevant factors set forth in Executive Law § 259-i in making its decision, including not only the seriousness of petitioner's

---

crimes, but also his criminal history, prison disciplinary record, program accomplishments and postrelease plans (*see Matter of Motti v Alexander*, 54 AD3d 1114, 1115 [2008]; *Matter of Grigger v Goord*, 41 AD3d 1128, 1129 [2007], *lv dismissed* 9 NY3d 985 [2007]). The Board was not required to give each of the factors equal weight and could, as it did, place greater emphasis on the disturbing nature of the crimes at issue (*see Matter of Alamo v New York State Div. of Parole*, 52 AD3d 1163, 1163-1164 [2008]). While the Board did not expressly discuss the sentencing minutes, the record reveals that they were properly before it (*see Matter of Johnson v Dennison*, 48 AD3d 1082, 1083 [2008]). Likewise, there is nothing to suggest that the Board's decision was the product of an executive policy to deny parole to violent felons (*see Matter of Garofolo v Dennison*, 53 AD3d 734, 735 [2008]). In sum, given that the Board's decision does not exhibit " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]), we find no reason to disturb it. We have considered petitioner's remaining contentions and find them to be unavailing.

Cardona, P.J., Mercure, Rose, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.