In the Matter of PATRICK SUTHERLAND, Appellant, v GEORGE B. ALEXANDER, as Chair of the New York State Division of Parole, Respondent. [881 NYS2d 915]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered December 10, 2008 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is currently serving 12½ to 25 years in prison upon his conviction of numerous crimes. In August 2007, he made his first appearance before the Board of Parole seeking parole release. The Board denied his request and ordered him held for an additional 24 months. Petitioner filed an administrative appeal and, when he did not receive a response within four months, he commenced this CPLR article 78 proceeding. Following joinder of issue, Supreme Court dismissed the petition and this appeal ensued.

Petitioner's primary contention is that the Board relied upon erroneous information regarding his criminal history in denying his request for parole release. Specifically, he claims that the Board incorrectly referenced in its decision that he shot an individual in the arm when, in fact, all charges with respect to that individual were dismissed prior to trial. The record discloses that such information came from the presentence investigation report and when asked by the Board, petitioner did not refute

the description of the incident. Notably, however, the presentence investigation report did not indicate that the charges relating to this individual had been dismissed and petitioner never sought to have the report corrected. Given that petitioner did not timely challenge the information contained in the presentence investigation report before the sentencing court, he is precluded from asserting that the Board was not entitled to rely upon the information contained therein (*see Matter of Champion v Dennison*, 40 AD3d 1181, 1182 [2007], *lv dismissed* 9 NY3d 913 [2007]; *Matter of Cox v New York State Div. of Parole*, 11 AD3d 766, 768 [2004], *lv denied* 4 NY3d 703 [2005]). Upon reviewing the record, we find that the Board considered the relevant statutory factors under Executive Law § 259-i (*see Matter of Grigger v Goord*, 41 AD3d 1128, 1129 [2007], *lv dismissed* 9 NY3d 985 [2007]) and that its decision is not affected by " 'irrationality bordering on impropriety' " (*Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]). Therefore, we find no reason to disturb its decision.

Cardona, P.J., Mercure, Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See* 2008 NY Slip Op 33304(U).]