██ In the Matter of DARRYL HALL, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [886 NYS2d 835]—

Appeal from a judgment of the Supreme Court (Devine, J.), entered May 4, 2009 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner, sentenced as a persistent violent felony offender, is currently serving a prison sentence of 6 years to life after his 1997 conviction of criminal possession of a weapon in the third degree. In April 2008, petitioner made his fourth appearance before the Board of Parole and was again denied parole release and was ordered to be held an additional 24 months. Petitioner then commenced the instant CPLR article 78 proceeding to challenge that determination. Supreme Court dismissed his petition and this appeal ensued.

We affirm. The Board considered the relevant factors in denying petitioner parole release, including the nature of the offense, his clean disciplinary record, his programmatic achievements, his receipt of an earned eligibility certificate and his release plans (*see* Executive Law § 259-i [2] [c] [A]; *Matter of Karlin v Alexander*, 57 AD3d 1156, 1156-1157 [2008], *lv denied* 12 NY3d 704 [2009]; *Matter of Pearl v New York State Div. of Parole*, 25 AD3d 1058 [2006]). Furthermore, contrary to petitioner's contention, the Board was not required to give equal weight to each factor and could, as it did, ascribe greater weight to petitioner's criminal history (*see Matter of Karlin v Alexander*, 57 AD3d at 1157; *Matter of Brower v Alexander*, 57 AD3d 1060, 1060 [2008], *lv denied* 12 NY3d 707 [2009]; *Matter of Alamo v New York State Div. of Parole*, 52 AD3d 1163, 1163-1164 [2008]). For these reasons, we find that the Board's decision did not evidence " ' "irrationality bordering on impropriety" ' " (*Matter of Sutherland v Alexander*, 64 AD3d 1028, 1029 [2009], quoting *Matter of Silmon v Travis*, 95 NY2d 470, 476 [2000]).

We note also that petitioner's contention that the Board was bound by 9 NYCRR 8002.3 (b) is misplaced inasmuch as his minimum period of imprisonment was set by the trial court (*see Matter of Guerin v New York State Div. of Parole*, 276 AD2d 899, 901 [2000]).

Petitioner's remaining contentions have been reviewed and found to be without merit.

Spain, J.P., Rose, Malone Jr., Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.