THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH R. McAVOY, Appellant. [894 NYS2d 270]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered December 18, 2006. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the second degree (two counts), endangering the welfare of a child (three counts), unlawfully dealing with a child in the first degree, and sexual abuse in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts each of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [a], [b]) and sexual abuse in the second degree (§ 130.60 [2]), three counts of endangering the welfare of a child (§ 260.10 [1]), and one count of unlawfully dealing with a child in the first degree (§ 260.20 [2]). Defendant contends that County Court erred in refusing to suppress his statements to the police. We reject that contention. "The credibility determinations of the suppression court receive deference and will not be disturbed if supported by the record" (*People v Button*, 56 AD3d 1043, 1044 [2008], *lv dismissed* 12 NY3d 781 [2009]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Timmons*, 54 AD3d 883, 885 [2008], *lv denied* 12 NY3d 822 [2009]). Here, the evidence at the suppression hearing established that defendant voluntarily accompanied a police officer to the police station and waived his *Miranda* rights, that the questioning lasted only 30 minutes, and that defendant received no promises and was not threatened in any way (*see Button*, 56 AD3d at 1044; *People v Pennick*, 2 AD3d 1427, 1428 [2003], *lv denied* 1 NY3d 632 [2004]; *People v Kemp*, 266 AD2d 887, 887-888 [1999], *lv denied* 94 NY2d 921 [2000]).

We also reject the contention of defendant that the court erred in denying his motion to sever the counts of the indictment. The offenses were properly joined because they involved incidents in which proof with respect to one crime would be material and admissible as evidence in chief in a trial with respect to the other crimes, and they all involved the same or similar statutory provisions (*see* CPL 200.20 [2] [b], [c]; *People v Com-*

*fort*, 31 AD3d 1110, 1112 [2006], *lv denied* 7 NY3d 847 [2006]; *People v Cassidy*, 16 AD3d 1079, 1081 [2005], *lv denied* 5 NY3d 760 [2005]). Defendant "failed to meet his burden of submitting sufficient evidence of prejudice from the joinder to establish good cause to sever" (*Cassidy*, 16 AD3d at 1081; *see* CPL 200.20 [3]; *People v Vasquez*, 19 AD3d 1103, 1103-1104 [2005], *lv denied* 5 NY3d 811 [2005]).

In his motion for a trial order of dismissal, defendant failed to raise the majority of the specific challenges now raised on appeal and thus failed to preserve for our review the majority of his challenges to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, all of his challenges lack merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Contrary to defendant's contention, minor inconsistencies in the testimony of the People's witnesses do not render the verdict against the weight of the evidence (*see People v Hawkins*, 41 AD3d 1314, 1315 [2007], *lv denied* 9 NY3d 923 [2007]; *People v Lauderdale*, 13 AD3d 1173 [2004]).

Defendant further contends that he was deprived of a fair trial based on improper remarks by the court and by prosecutorial misconduct on summation. Defendant failed to preserve his contention for our review with respect to the majority of the instances of alleged misconduct (*see* CPL 470.05 [2]), and we decline to exercise our power to address those instances as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). In any event, even had defendant preserved all of those instances for our review, we would nevertheless conclude that reversal is not warranted. While some of the remarks were arguably improper, they were not so egregious to deprive defendant of a fair trial (*see generally People v Hightower*, 286 AD2d 913, 915 [2001], *lv denied* 97 NY2d 656 [2001]). Furthermore, with respect to the prosecutor's alleged misconduct on summation, the court alleviated any prejudice arising therefrom "by instructing the jury that the comments and summations of the prosecutor and defense counsel do not constitute evidence" (*People v Williams*, 28 AD3d 1059, 1061 [2006], *affd* 8 NY3d 854 [2007]).

Contrary to the further contentions of defendant, he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.