■ In the Matter of JOHN MURRAY, Appellant, v ANDREA W. EVANS, as Chair of the Division of Parole, Respondent. [920 NYS2d 745]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered August 30, 2010 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

During a two-month period, petitioner committed three robberies, during which he shot and killed two victims. As a result,

as relevant here, petitioner was convicted in 1978 of multiple counts of murder in the second degree and robbery in the first degree and single counts of attempted robbery in the first degree and criminal possession of a weapon in the second degree and was sentenced to a prison term of 25 years to life. In September 2009, petitioner made his sixth appearance before the Board of Parole requesting parole release. Following a hearing, the Board denied his request and ordered petitioner to be held for an additional 24 months. Thereafter, petitioner commenced this CPLR article 78 proceeding to challenge that determination and Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. Initially, we disagree with petitioner's contention that the Board failed to adequately state a basis for its decision. A review of the record demonstrates that the Board considered the factors required by Executive Law § 259-i, taking into account petitioner's programmatic and educational achievements, his positive disciplinary record, positive recommendations by facility staff and his postrelease plans, as well as the circumstances surrounding his present offenses and his criminal record (*see Matter of Cohen v Lemons*, 75 AD3d 706, 707 [2010]; *Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d 1609, 1609 [2010], *lv dismissed* 15 NY3d 867 [2010]). Significantly, in rendering its decision, the Board need not give each factor equal weight or articulate every factor it considered (*see Matter of Nicoletta v New York State Div. of Parole*, 74 AD3d at 1609; *Matter of Gonzalez v Chair, N.Y. State Bd. of Parole*, 72 AD3d 1368, 1369 [2010]). Here, in making the assessment after weighing all of the factors, the Board determined that there was a reasonable probability that petitioner would not live and remain at liberty without violating the law and that his release was "incompatible with the welfare and safety of the community." As such, we find the Board provided an adequate statutory rationale for the denial of petitioner's release (*see Matter of Comfort v New York State Div. of Parole*, 68 AD3d 1295, 1296 [2009]; *compare Matter of Vaello v Parole Bd. Div. of State of N.Y.*, 48 AD3d 1018, 1019 [2008]).

While the Board erroneously referred to petitioner's convictions other than those for murder as "instant offense[s]," we find that such misstatement does not constitute "erroneous information" and, in any event, taking into account the heinous nature of the murders for which petitioner was convicted, there is no evidence that the Board relied on such mischaracterization in rendering its determination (*see Matter of Ponder v Alexander*, 56 AD3d 848, 849 [2008]; *Matter of Davis v New York State Bd. of Parole*, 35 AD3d 1112, 1113 [2006]). Contrary to

petitioner's contention, the Board did not err in considering petitioner's youthful offender adjudication in arriving at its determination (*see Matter of Martin v New York State Div. of Parole*, 47 AD3d 1152, 1152 [2008]). In sum, we find that petitioner has failed to demonstrate that the Board's determination evidenced " 'irrationality bordering on impropriety' " (*Matter of Perez v Evans*, 76 AD3d 1130, 1131 [2010], quoting *Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]).

We have considered petitioner's remaining contentions, including that the Board's decision amounted to a resentencing or was the result of a political agenda, and find them to be without merit (*see Matter of Gonzalez v Chair, N.Y. State Bd. of Parole*, 72 AD3d at 1369; *Matter of Hall v New York State Div. of Parole*, 66 AD3d 1322, 1322 [2009]; *Matter of Vargas v New York State Bd. of Parole*, 20 AD3d 738, 739 [2005]).

Mercure, J.P., Rose, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.