■ In the Matter of ANPU UNNEFER AMEN, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [954 NYS2d 276]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered March 8, 2012 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying petitioner's request for parole release.

In 2007, petitioner was convicted of robbery in the third degree and sentenced to a prison term of 2 to 4 years. In March 2011, petitioner appeared before the Board of Parole seeking to be released to parole supervision. Following the hearing, the Board denied petitioner's request and ordered him held an additional 24 months. When petitioner's administrative appeal was not decided within four months, he commenced this proceeding pursuant to CPLR article 78. Supreme Court dismissed the petition, prompting this appeal.

Parole release determinations are discretionary and will not be disturbed unless it is shown that the Board failed to comply with the statutory requirements (*see* Executive Law § 259-i; *Matter of Vigliotti v State of N.Y. Exec. Div. of Parole*, 98 AD3d 789, 790 [2012]; *Matter of Martin v New York State Div. of Parole*, 47 AD3d 1152, 1152 [2008]). Here, the record reflects that the Board appropriately considered the relevant factors, including the seriousness of the crime for which petitioner is presently incarcerated, his criminal history, his prior inability to comply with parole release supervision as well as petitioner's clean prison disciplinary record, his significant level of insight achieved through his program participation and his postrelease plans (*see Matter of Vigliotti v State of N.Y. Exec. Div. of Parole*, 98 AD3d at 790; *Matter of Murray v Evans*, 83 AD3d 1320, 1321 [2011]). Despite petitioner's arguments, we are not persuaded that the Board improperly considered an arrest that did not result in prosecution (*see Matter of Gardiner v New York State Div. of Parole*, 48 AD3d 871, 872 [2008]), or that the Board was

not permitted to take a youthful offender adjudication into consideration (*see Matter of Martin v New York State Div. of Parole*, 47 AD3d at 1152). Further, petitioner's argument regarding the retroactive application of recent amendments to Executive Law § 259-c (4) is not preserved for our review (*see Matter of Abbas v New York State Div. of Parole*, 61 AD3d 1228, 1228 [2009]). In short, we cannot say that the Board's decision reflects "irrationality bordering on impropriety" (*Matter of Russo v New York State Bd. of Parole*, 50 NY2d 69, 77 [1980]) and, therefore, we will not disturb it.

Rose, J.P., Lahtinen, Spain, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.