THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHEEM H. OQUENDO, Appellant. [57 NYS3d 872]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered June 24, 2009. The judgment convicted defendant, upon a jury verdict, of petit larceny and grand larceny in the fourth degree (four counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of petit larceny (Penal Law § 155.25) and four counts of grand larceny in the fourth degree (§ 155.30 [1]). Defendant contends that he was deprived of a fair trial based on three improper remarks by County Court during jury selection. Defendant failed to preserve for our review his contention with respect to any of the alleged improper remarks (*see* CPL 470.05 [2]; *People v McAvoy*, 70 AD3d 1467, 1468 [2010], *lv denied* 14 NY3d 890 [2010]). In any event, the remarks do not warrant reversal. Although some of the court's remarks, when isolated and taken out of context, were arguably improper, we conclude that, when they are viewed in their proper context, they did not prevent the jury "from arriving at an impartial judgment on the merits" or deprive defendant of a fair trial (*People v Moulton*, 43 NY2d 944, 946 [1978]; *see McAvoy*, 70 AD3d at 1468).

We reject the further contention of defendant that the court erred in admitting in evidence video recordings from the

surveillance system of the two stores where defendant allegededly committed the larcenies. "[A] video may be authenticated by the testimony of a witness to the recorded events or of an operator or installer or maintainer of the equipment that the video accurately represents the subject matter depicted" (*People v Patterson*, 93 NY2d 80, 84 [1999]; *see People v Byrnes*, 33 NY2d 343, 347-349 [1974]). The videos at issue herein were adequately authenticated by the testimony of two store employees who were familiar with the surveillance system, copied the surveillance videos to the DVDs brought to court, and testified to the unaltered condition of the videos. The testimony of the employees supports the conclusion that the videos accurately depict the events at issue. Any gaps in the chain of custody went to the weight of the evidence, not its admissibility (*see People v Hawkins*, 11 NY3d 484, 494 [2008]).

Defendant further contends that the court erred in permitting one of the store employees to identify him as the individual depicted in two of the surveillance videos. We agree with defendant that the court erred in permitting such opinion testimony inasmuch as there was an insufficient basis for concluding that the employee was more likely to identify defendant correctly from the videos than was the jury (*see People v Myrick*, 135 AD3d 1069, 1074 [2016]; *People v Coleman*, 78 AD3d 457, 458 [2010], *lv denied* 16 NY3d 829 [2011]). Nevertheless, we conclude that the error is harmless. The evidence of defendant's guilt is overwhelming and, taking into account the court's limiting instruction to the jury with respect to the testimony, we conclude that there is no significant probability that defendant would have been acquitted but for the error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *Coleman*, 78 AD3d at 458-459). We reject defendant's contention that the court also erred in permitting the employee to testify to the identity of the stolen items and their value. In addition to viewing the surveillance videos, the employee testified he was able to determine the identity and value of the stolen items by subsequently inspecting the prices posted in the stores (*see generally People v Irrizari*, 5 NY2d 142, 145-147 [1959]; *People v Trilli*, 27 AD3d 349, 349-350 [2006], *lv denied* 6 NY3d 899 [2006]; *People v Wandell*, 285 AD2d 736, 737 [2001]).

Contrary to defendant's further contention, the court did not abuse its discretion in denying his request for an adjournment based on the People's late disclosure of certain surveillance videos, nor did that late disclosure warrant reversal, inasmuch as "[d]efendant failed to establish . . . that he was surprised or prejudiced by the late disclosure" (*People v Collins*, 106 AD3d

1544, 1546 [2013], *lv denied* 21 NY3d 1072 [2013]; *see People v Resto*, 147 AD3d 1331, 1332 [2017], *lv denied* 29 NY3d 1000 [2017]; *People v Rogers*, 103 AD3d 1150, 1151-1152 [2013], *lv denied* 21 NY3d 946 [2013]; *People v Jacobson*, 60 AD3d 1326, 1328 [2009], *lv denied* 12 NY3d 916 [2009]). Finally, the sentence is not unduly harsh or severe. Present—Carni, J.P., Curran, Troutman, Winslow and Scudder, JJ.